Thomas J. Salerno (No. 007492)
Anthony P. Cali (No. 028261)
**STINSON LEONARD STREET LLP**
1850 N. Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 279-1600
Fax: (602) 240-6925
Thomas.salerno@stinson.com
Anthony.cali@stinson.com
Proposed Attorneys for Debtor and
Debtor-in-Possession

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re<br><br>CANYON PORTAL II, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 2:15-bk-16313-EPB<br><br>**DEBTOR'S MOTION FOR ORDER AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING**<br><br>**Date of Hearing: TBD**<br>**Time of Hearing: TBD** |

Canyon Portal II, LLC ("**Debtor**") debtor-in-possession in the above-captioned Chapter 11 case, moves this Court for entry of an interim and a final order under 11 U.S.C. §§ 105(a), 361, 362, 363, and 364, and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") authorizing the Debtor to obtain post-petition financing. This Motion seeks entry of an order granting the Motion.

> The relief requested in this Motion would authorize the Debtor to obtain post-petition, debtor-in-possession financing. The basis for the relief request in this Motion is set forth in paragraphs 10 through 11 below. No priming or other lien interest is sought.

This Motion is supported by the entire record before the Court, the *Omnibus Declaration of Al Spector in Support of Chapter 11 Petition and First Day Motions*" (the "**Spector Declaration**") filed contemporaneously with this Motion, and by the following memorandum of points and authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND.

#### Jurisdiction and Venue

1. On December 31, 2015, Debtor filed its Voluntary Petition for relief under Chapter 11 of the United States Bankruptcy Code.

2. The Debtor is a debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

3. No trustee, examiner, or official committee has been appointed in any of the cases.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Code §§ 105(a) and 366.

#### Background Facts Concerning the Debtor

5. In support of this Motion, the Debtor incorporates by reference the statements set forth in the Spector Declaration.

Necessity Of DIP Financing

6. As of the Petition Date, the Debtor has cash on hand of approximately $51,546.95. Spector Declaration, ¶ 41.

7. The Debtor anticipates that it may not generate sufficient operating revenue to the anticipated administrative expenses of the estate professionals. Spector Declaration, ¶ 42.

8. The proceeds of the DIP Facility (defined below) will be used to pay the approved fees and costs (on an interim or final basis) of the Debtor's estate professionals. Spector Declaration, ¶ 43.

### II. RELIEF REQUESTED.

9. By this Motion, the Debtor seeks entry of an order substantially in the form attached as "Exhibit A" to this Motion (the "**Order**") under Bankruptcy Code §§ 105, 362, and 364(b):

a. Authorizing the Debtor to obtain post-petition, debtor-in-possession financing up to a maximum principal amount of $85,000 (the "**DIP Facility**") in accordance with the term sheet attached to this Motion as "Exhibit B" (the "**Term Sheet**"), executed among the Debtor, as borrowers, and Barrett Realty, LLC, as lender (the "**DIP Lender**"), and any related documents to be drafted and required to be delivered in connection with the Term Sheet (collectively with the Term Sheet, the "**DIP Loan Documents**");

b. Approving the terms and conditions of the DIP Loan Documents and authorizing the Debtor to execute and enter into the DIP Loan Documents;

c. Authorizing the Debtor to execute and deliver, from time to time, all such other documents, instruments, and agreements and to perform all such other acts as may be required in connection with the DIP Loan Documents;

d. Authorizing the Debtor under Bankruptcy Code § 364(b) to obtain debtor-in-possession financing under the DIP Loan Documents (all such financing, loans, extensions of credit, and other indebtedness including related interest and fees are the "**Postpetition Advances**");

e. Modifying the automatic stay under Bankruptcy Code § 362 to the extent reasonably necessary to permit the Debtor and the DIP Lender to implement the terms of the Order;

d. Scheduling a hearing and establishing notice procedures for the hearing and the proposed Order.

### III. BASIS FOR RELIEF.

10. Bankruptcy code § 363(a) provides:

> If the trustee is authorized to operate the business of the debtor under section 721, 1108, 1203, or 1304 of this title, unless the court orders otherwise, the trustee may obtain unsecured credit and incur unsecured debt in the ordinary course of business allowable under section 503(b)(1) of this title as an administrative expense.

11 U.S.C. § 363(a).

11. The Debtor has determined that the DIP Facility is necessary to meet the Debtor's restructuring efforts, namely in order to pay the approved fees and costs of the Debtor's estate

professionals. In this regard, the Debtor has concluded that obtaining the post-petition financing contemplated by this Motion is necessary and in the best interest of the Debtor and its estate. Spector Declaration, ¶ 44.

**The DIP Facility**

12. The terms and conditions of the proposed DIP Facility are set forth in the Term Sheet itself, which is attached as <u>Exhibit B</u> to this Motion, and need not be reiterated here. Nonetheless, the Debtor specifically notes the following key provisions of the Term Sheet and the proposed Interim Order:

    a. <u>Interest Rate:</u>

Non-default interest rate would be an annual rate of 5% calculated and shall be payable on the Due Date (defined below). In the event of a default, the default rate of interest shall be 8% per annum.

    b. <u>Due Date:</u>

The Loan would be due and payable on the occurrence of the "Due Date," which would be the earliest to occur of (i) the date that is six (6) months after the commencement of the Debtor's Bankruptcy Case; (ii) the substantial consummation (as defined in section 1101 of the Bankruptcy Code and which for purposes hereof shall be no later than the effective date) of a plan of reorganization that is confirmed pursuant to an order of the Court, (iii) the date on which the Court enters a final order approving a post-petition financing between the Company and another lender(s) or investor(s) (as the case may be).

    c. <u>Liens/Priority</u>: The DIP Facility is an unsecured loan. Lender shall have an allowed administrative priority claim for advances under Bankruptcy Code § 503(b).

    d. <u>Borrowing Limit</u>: An aggregate amount not to exceed $85,000.

    e. <u>Disbursement</u>: Upon entry of the Order, and no sooner than March 15, 2016.

    f. <u>Prepayment:</u> The Debtor shall have the right (but not the obligation) to prepay the Loan in amount equal to one-hundred percent (100%) of the outstanding principal plus any unpaid accrued interest.

g. <u>Approval of the Bankruptcy Court</u>: All terms, funding, and commitments are subject to approval by the Bankruptcy Court pursuant to the Order in form and substance satisfactory to the Lender, authorizing the transactions contemplated herein, the granting of an administrative expense and containing a good faith finding under Bankruptcy Code § 364(a) or (b), which order shall not be reversed, modified, amended, stayed or subject to motion for reargument or reconsideration.

13. The provisions of Bankruptcy Rule 4001(c)(1)(B)(i)–(xi) do not apply to this unsecured financing arrangement.

**Negotiation of the DIP Facility**

14. The Debtor negotiated the terms of the DIP Facility and the Order with the DIP Lender in good faith and at arms' length. The Debtor has determined that its existing financial circumstances necessitate the DIP Facility in order to meet its restructuring or liquidation needs. Accordingly, the DIP Facility and the Order are most favorable in light of the Debtor's needs pending the restructuring or liquidation procedure. Spector Declaration, ¶ 45.

15. The DIP Facility constitutes a financing package in the best interests of the Debtor and its estate. The DIP Lender presented the Debtor with the most attractive economic package available under the circumstances. Spector Declaration, ¶ 46.

16. The DIP Lender is Barrett Realty, LLC, which is a limited liability company, owned indirectly, by Al Spector. Mr. Spector is the holder, directly and indirectly, of 100% of the equity interests in the Debtor.

**IV. CONCLUSION.**

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached to this Motion as <u>Exhibit A</u>, granting: (a) the relief requested in this Motion; and (b) such further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 31st day of December, 2015.

**STINSON LEONARD STREET LLP**

By: /s/ Thomas J. Salerno
Thomas J. Salerno, Esq.
Anthony P. Cali, Esq.
1850 N. Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Proposed Attorneys for Debtor and Debtor-in-Possession

COPY of the foregoing sent this 31st day of December, 2015:

Office of the U.S. Trustee
230 N. First Ave., Ste. 204
Phoenix, AZ 85003-1706
ustpregion14.px.ecf@usdoj.gov

/s/ Anne Finch

# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 11 |
| CANYON PORTAL II, LLC, | Case No. 2:15-bk-16313-EPB |
| Debtor. | **ORDER AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING** |

This matter came before the Court pursuant to *Debtor's Motion for Order Authorizing Debtor to Obtain Post-Petition Financing* (the "**Motion**") filed by Canyon Portal II, LLC ("**Debtor**") debtor-in-possession in the above-captioned Chapter 11 case, seeking entry of an Order pursuant to Bankruptcy Code § 364 for Barrett Realty, LLC ("**DIP Lender**") to extend unsecured financing to the Debtor. Upon consideration of the Motion and the entire record before the Court is this Bankruptcy Case,

**THE COURT HEREBY FINDS**, that

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Code §§ 105(a) and 366.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(D); and

3.  Notice of the Motion was sufficient under the circumstances and that no other or further notice is required.

4.  The terms of the Term Sheet[1] are fair, reasonable, and in the best interests of the estate and its creditors.

5.  Any amounts loaned by DIP Lender pursuant to this Order and the Term Sheet, up to and including the maximum principal amount of $85,000 under the DIP Facility, are and shall be deemed in "good faith" in accordance with 11 U.S.C. § 364(e)

**IT IS HEREBY ORDERED:**

6.  The Motion is granted as set forth in this Order and in accordance with Bankruptcy Code § 364.

7.  DIP Lender is authorized to provide unsecured financing to Debtor upon the terms set forth in the Term Sheet, attached to the Motion as Exhibit B.

8.  Debtor is authorized to obtain unsecured financing up to a maximum principal amount of $85,000 pursuant to Bankruptcy Code § 364 for the purposes set forth in the Term Sheet.

9.  Debtor and DIP Lender are authorized to enter into the Term Sheet and to execute loan documents that memorialized the provisions of the Terms Sheet with respect to the loan or advances to be made by Barrett in accordance with the Term Sheet (the "**DIP Loan Documents**").

10. The automatic stay of Bankruptcy Code § 362 is modified to the extent necessary to permit or effectuate the terms of this Order, the Term Sheet, and any other documents evidencing the DIP Facility.

11. The advances made by DIP Lender to the Debtor pursuant to the DIP Loan Documents shall be entitled to priority pursuant to Bankruptcy Code §§ 503(b) and 507(B)(2) for an allowed administrative priority claim.

---

[1] All capitalized terms not otherwise defined herein shall have the same meanings as ascribed to them in the Motion.

12. Debtor and DIP Lender are authorized and directed to perform all acts and to make, execute and deliver any and all instruments as may be necessary to implement the terms and conditions of this Order and the transactions described herein.

**DATED AND SIGNED ABOVE.**

# EXHIBIT B

## DIP Loan Proposal (CONFIDENTIAL)
*December 22, 2015*

| | |
|---|---|
| ***Borrower:*** | Canyon Portal II, LLC ( the "*Company*" or "*Debtor*"). |
| ***Lender:*** | Barrett Realty, LLC ("**BR**"), and/or any other lender(s) acceptable to BR and the Company (collectively, the "*Lender*"). |
| ***Agent:*** | BR or its designee shall act as administrative agent ("*Agent*"). |
| ***Type of Loan:*** | Debtor-in-Possession Revolving Loan (the "*Loan*" and "*DIP Facility*"). |
| ***Committed Amount:*** | $ 85,000.00 |
| ***Bankruptcy Court Approval:*** | Upon entry of a final financing order (the "*Final Order*") by the United States Bankruptcy Court for the District of Arizona (the "*Court*") presiding over the Chapter 11 proceeding of the Debtor (the "*Bankruptcy Case*") under Bankruptcy Code section 364(b) (in form and substance agreeable to the Company and Lender), the Lender shall extend the Loan to the Debtor up to the amount of the l Disbursement (defined below) as and for payment of professional fees of the Debtor's estate. |
| ***Disbursement:*** | Upon the entry of the Final Order, and no sooner than March 15, 2016, Lender shall make disbursements as necessary to pay any approved fees and costs (on either an interim or final basis) to the Debtor's estate professionals. |
| ***Loan Closing Date:*** | Closing of the Loan with respect to the is anticipated to be promptly upon entry of the Final Order, but no later than five (5) days after entry of such order (the "*Closing Date*"). |
| ***Use of Proceeds:*** | Proceeds of the Loan shall be utilized to pay the approved fees and costs (on an interim or final basis) of the Debtor's estate professionals. |
| ***Interest:*** | Five percent (5%) per annum. Interest shall be payable on the Due Date (defined below). Default rate of interest shall be eight percent (8%) per annum. |
| ***Closing Fee:*** | None. |
| ***Legal Costs/ Expenses:*** | None. |
| ***Due Date:*** | Any and all then current outstanding principal amount of the Loan plus any unpaid accrued interest shall become due and payable in cash upon the earlier of (the "*Due Date*"): (i) the date that is six (6) months after the commencement of the Debtor's Bankruptcy Case; (ii) the substantial consummation (as defined in section 1101 of the Bankruptcy Code and which for purposes hereof shall be no later than the effective date) of a plan of reorganization that is confirmed pursuant to an order of the Court; (iii) the date on which the Court enters a final |

order approving a post-petition financing between the Company and another lender(s) or investor(s) (as the case may be).

| | |
|---|---|
| **DIP Facility Credit Agreement** | A DIP Facility Credit Agreement in form and substance acceptable to the Debtor, the Lender and any Committee appointed in the Bankruptcy Case, which incorporates these terms and adds no material additional terms, shall be executed by the parties prior to the entry of the Final Order, and shall be filed with the Court. |
| **Loan Collateral:** | None. |
| **Priority:** | The DIP Facility shall be authorized pursuant to Bankruptcy Code section 364(b) to be incurred as, and shall constitute, an administrative claim allowable under Bankruptcy Code section 503(b) (1) of the Bankruptcy Code. |
| **Covenants:** | The DIP Credit Agreement shall contain the following covenants: (a) restrictions on sales of assets and/or capital stock business combination transactions other than as approved by the Court; and (b) legal and regulatory compliance. |
| **Prepayment(s):** | The Company shall have the right (but not the obligation) to prepay the Loan (in cash) in amount equal to one-hundred percent (100%) of the outstanding principal plus any unpaid accrued interest. |
| **Closing Conditions:** | This Proposal Letter is subject to, among other items, the following: |

1. Court approval of the definitive documents for the Loan;
2. Execution of definitive legal documentation acceptable to Lender; and
3. Entry of the Final Order in form and substance satisfactory to Lender and Debtor.

*[Signature Page Follows]*

**Acknowledged, Accepted, and Agreed to:**

**BORROWER:**         **CANYON PORTAL II, LLC**, an Arizona limited liability company

By: _____

Its: _____Manager_____

**LENDER:**         **BARRETT REALTY, LLC** an Arizona limited liability company

By: _____

Its: _____Manager_____